### In the U.S. District Court for the District of Columbia

| | |
|---|---|
| **Sierra Club**, Plaintiff | |
| **v.** | **Case No.** 12-1852-ABJ |
| **Tennessee Valley Authority**, Defendant. | |

### SIERRA CLUB'S OPPOSITION TO TVA'S MOTION TO FILE A SURREPLY

TVA has moved to file a surreply in the preliminary injunction proceedings in this case.

TVA's motion is without merit, and should be denied.

### ARGUMENT

TVA claims that Local Civil Rule 65.1(c) entitles it to a surreply. It does not. That

rule provides that affidavits supporting a motion for a preliminary injunction should be

filed with the initial motion. It adds that "supplemental affidavits either to the

application or the opposition may be filed only with permission of court." LCvR 65.1(c)

(emphasis added).

TVA argues that Sierra Club's reply in support of its motion somehow violated

that rule, warranting a surreply for TVA. *See* TVA Surreply Motion at ¶ 2. It did not.

To state the obvious, a reply memorandum is not an affidavit. An affidavit is "[a]

voluntary declaration of facts written down and sworn to by the declarant before an

officer authorized to administer oaths." BLACK'S LAW DICTIONARY (9th Ed. 2009).  Sierra

Club filed no affidavits with its reply.

Sierra Club's reply, in fact, is expressly permitted by Local Civil Rule 7(d) ("the

moving party may serve and file a reply memorandum").  Sierra Club has complied

with all rules and TVA has no grounds for a surreply.  The Court should deny its

motion.[1]

Dated: November 28, 2012


*/s/ Craig Segall*
Craig Segall
DC Bar No. 994417
Sierra Club Environmental Law Program
50 F St NW, Eighth Floor
Washington, DC, 20001
(202)-548-4597
Craig.Segall@sierraclub.org

---

[1] Indeed, <u>TVA</u> has violated the local rules.  Counsel for TVA should have consulted with Sierra Club on the motion for surreply before filing it, as the rules require, but did not. Local Civil Rule 7(m).